UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3734 PA (BFMx) | Date | August 30, 2023 |
|---|---|---|---|
| Title | Maria Arias v. BL Custom Upholstery, Corp. et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

On August 23, 2023, the Court issued an order requiring plaintiff Maria Arias ("Plaintiff") to show cause in writing why this action should not be dismissed for lack of prosecution and Plaintiff's apparent failure to comply with Federal Rule of Civil Procedure 4(m). (Docket No. 14 ("Order to Show Cause").) Under Rule 4(m),

> [i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Here, Plaintiff filed her Complaint on May 16, 2023. (Docket No. 1.) By the time the Court issued its Order to Show Cause, Rule 4(m)'s 90-day period had already expired and Plaintiff had not filed proofs of service for defendants Leopoldo Basurto Garza and BL Custom Upholstery, Corp. ("Defendants") or requested additional time to do so.

On August 29, 2023, Plaintiff filed a Response to the Order to Show Cause, as well as a "Motion to Extend Period to Effectuate Service of Process" ("Motion"). (Docket Nos. 15–16.) According to the Response and Motion, neither of which are supported by a Declaration signed under penalty of perjury, Plaintiff attempted to serve Defendants on May 19, 2023, but was unsuccessful. (See Docket Nos. 12–13.) Plaintiff's counsel concedes that he "did not act diligently as [he] should have with respect to service of process." (Docket No. 15 at p. 2.) Although Plaintiff now requests an additional 60 days to serve Defendants, neither the Motion nor the Response explain why Plaintiff has not attempted to serve Defendants since May 19, 2023, or why Plaintiff did not promptly seek an extension of time to effectuate service prior to the expiration of Rule 4(m)'s deadline. Plaintiff has not established "good cause" for failing to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3734 PA (BFMx) | Date | August 30, 2023 |
|---|---|---|---|
| Title | Maria Arias v. BL Custom Upholstery, Corp. et al. | | |

serve Defendants within 90 days of filing her Complaint. As a result, Plaintiff's Motion is denied. Additionally, the Court dismisses this action under Rule 4(m) without prejudice due to Plaintiff's failure to timely serve Defendants or establish good cause for that failure.

Grounds also exist to dismiss Plaintiff's claims for failure to diligently prosecute. A court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629–30, 82 S. Ct. 1386, 1388–89, 8 L. Ed. 2d 734; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, 191 F.3d at 990)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissing the action. See id. ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

The third Henderson factor at least marginally favors dismissal. While "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," see Pagtalunan, 291 F.3d at 642, unreasonable delay creates a presumption of prejudice, see In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994); Moore v. Teflon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978). Here, as discussed above, Plaintiff has not timely served Defendants. Nor has Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3734 PA (BFMx) | Date | August 30, 2023 |
|---|---|---|---|
| Title | Maria Arias v. BL Custom Upholstery, Corp. et al. | | |

adequately explained her failure to do so.  See Anderson v. Air W., Inc., 542 F.2d 522, 525 (9th Cir. 1976) ("Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations.").

　　The fourth and fifth Henderson factors also favor dismissal of this action.  By requiring Plaintiff to explain why this action should not be dismissed for lack of prosecution, and allowing Plaintiff to satisfy the Order to Show Cause simply by filing proofs of service, Plaintiff was on notice that the failure to adequately respond to the Order to Show Cause could result in the dismissal of the action.  Despite this notice, Plaintiff has failed to demonstrate that her efforts to serve Defendants or to otherwise prosecute her claims against Defendants show diligence.  Additionally, the Court is adopting the "less-drastic" sanction of dismissal without prejudice.  See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").  Thus, the Henderson factors weigh in favor of dismissing the action.

　　Accordingly, pursuant to Rule 4(m) and as a result of Plaintiff's failure to diligently prosecute, this action is dismissed without prejudice.  See Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260.  The Court will issue a Judgment consistent with this Order.

　　IT IS SO ORDERED.